J. RUSSELL STEDMAN (SBN 117130)
PETER J. FELSENFELD (SBN 260433)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:     415-362-6000
Facsimile:     415-834-9070

Attorneys for Plaintiff
RHONDA INSALACO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RHONDA INSALACO, | ) Case No. 3:14-CV-02586-EMC |
| Plaintiff, | ) **STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER** |
| vs. | ) Complaint Filed: June 4, 2014 |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, SWH CORPORATION EMPLOYEE WELFARE BENEFIT PLAN, | ) |
| Defendants. | ) |

WHEREAS pursuant to Federal Rule of Civil Procedure 26, the Court, Plaintiff Rhonda Insalaco and Defendant United of Omaha Life Insurance Company ("United of Omaha") deem it appropriate to limit the disclosure of certain confidential information, as set forth below, and the parties to this action, by counsel, have stipulated and agreed to give effect to the stipulations set forth below.

IT IS HEREBY ORDERED THAT:

1. **Purposes and Limitations.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection is warranted from public disclosure and from use for any purpose other than this litigation. The parties therefore stipulate to and request entry of this Protective Order (the "Order") by the Court.

1  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order does not allow any party to file anything under seal.  The applicable rules, including Civil Local Rule 79-5, set forth the procedures that must be followed and reflect the standards and procedures that will be applied when a party seeks leave to file material under seal.

2.  **Discovery Material.** Documents, discovery responses, including interrogatory responses, responses to requests for admission, etc., deposition testimony, photographs, videotapes, data and other materials, or portions thereof, produced in discovery in this action by any party or non-party (the "Producing Party") may be designated as "Confidential" if the Producing Party reasonably and in good faith believes they contain trade secrets or confidential research, development, commercial, personal, financial, or proprietary information, medical records, or other confidential information not already part of the public domain, including all material, data, and information obtained, derived, or generated from such materials.  Such information shall be deemed "Confidential Information" and shall be subject to the provisions of this Order.  The party requesting the material shall be responsible for safeguarding all produced materials and information designated Confidential Information.

3.  **Exercise of Restraint and Care in Designating Material for Protection**.  Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

1  encumber or retard the case development process or to impose unnecessary expenses and burdens on
2  other parties) expose the Designating Party to sanctions.

3  If it comes to a Designating Party's attention that information or items that it designated for
4  protection do not qualify for protection, that Designating Party must promptly notify all other Parties
5  that it is withdrawing the mistaken designation.

6      4.    **Designation by Producing Party.**  The designation of Confidential Information
7  described in paragraph 2 above shall be made by stamping or labeling the document or portions
8  thereof containing Confidential Information with the legend **"CONFIDENTIAL/SUBJECT TO**
9  **PROTECTIVE ORDER"** prior to its production or, if inadvertently produced without a legend, by
10 furnishing written notice of the inadvertent production specifically identifying documents which
11 should have contained the legend.  Confidential Information may also be designated in answers to
12 interrogatories and responses to requests for admissions containing Confidential Information by
13 including the words "Confidential/Subject to Protective Order" in the specific answers to
14 interrogatories or responses to requests for admissions containing Confidential Information.

15     5.    **Depositions.**  Confidential Information may be used or marked as exhibits in
16 depositions but shall remain subject to this Order.  In the case of deposition testimony, counsel may
17 note on the record that responses to particular questions or series of questions contain or may contain
18 Confidential Information and request the reporter to mark the first page of the deposition transcript
19 as "Containing Confidential Information."  Parties may also designate portions of the transcript as
20 "Confidential" within twenty (20) days of receipt of the transcript by giving written notification to
21 the opposing party and the court reporter.  Only those portions of the transcript designated as
22 "Confidential" shall be considered Confidential Information.  Until expiration of the 20-day period,
23 the entire deposition will be treated as Confidential under this Order.  Attendance at portions of
24 depositions at which Confidential Information may be disclosed shall be limited to those persons
25 designated as "Qualified Persons" in paragraph 7 below and only after the person[s] follow the
26 procedure described in paragraph 8 below.

27     6.    **Authorized and Unauthorized Uses of Confidential Information.**  Materials
28 marked "Confidential" by the Producing Party, and the information contained therein, shall be kept

3

confidential, and shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose, or for any purpose other than for prosecuting, defending, or attempting to settle this action in accordance with the provisions of this Order without the express written consent of counsel for the Producing Party or by order of the Court.  Access to and disclosure of Confidential Information shall be limited to those persons designated as Qualified Persons in paragraph 7 below.

Nothing herein shall prevent the parties from publicly disclosing any of their own Confidential Information, as they deem appropriate.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

7. **<u>Qualified Persons.</u>** Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

(a) Parties, and personnel who work for parties, and parties' counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel and the parties' insurers and reinsurers, if any, who need to review such information in connection with this action;

(b) Experts and consultants whose assistance is necessary to assist counsel of record in the preparation of these cases, or to testify in this action provided any such persons follow the procedure described in paragraph 8 below;

(c) A deponent or a witness at trial or hearing in this action, provided there is a reasonable basis to believe the disclosure is necessary to prepare the witness or that the witness will give relevant testimony regarding the Confidential Information.  If a party wishes to show Confidential Information to a deponent or witness in preparation for a deposition, hearing, or trial, the party must follow the procedure described in paragraph 8 for Qualified Persons before disclosing the Confidential Information.  If a party wishes to disclose Confidential Information to a deponent or witness under this provision, notice and an opportunity to object must be afforded to the opposing party.  If the disclosure is at a deposition, hearing, or trial, notice may be given at the deposition, hearing, or trial;

(d)     The Court or any Court personnel, including court reporters;

(e)     A person identified in the document as a subject of the communication, or having authored or previously received the document; and

(f)     Any person mutually agreed upon among the parties.

8.     **Qualified Persons Bound by Order.**  Before being given access to any Confidential Information, each Qualified Person, other than the persons identified in Paragraph 7(a) or those witnesses who are shown Confidential Information at a trial, deposition, or hearing as identified in paragraph 7(c) and persons identified in paragraph 7(d), shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by the terms of this Order by signing a copy of the attached Acknowledgment (Exhibit A).  Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Information, which list shall be available for inspection by the Court.

9.     **Filing Confidential Information.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, Confidential Information may not be filed in the public record in this action.  A Party that seeks to file anything under seal must comply with applicable rules and orders, including Civil Local Rule 79-5.  Pursuant to Civil Local Rule 79-5, Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.  A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law.  If a request to file under seal pursuant to Civil Local Rule 79-5(d) is denied, any party may file the information in the public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the court.

10.    **Use of Confidential Information at Trial.**  Information identified as "Confidential" in accordance with this Order may be disclosed in testimony at the trial of this action or in other proceedings in this matter, subject to the rules of evidence and to such further orders this Court may enter.

11.    **Inadvertent Failure to Designate as Confidential Information.**  Inadvertent failure to designate documents or information as Confidential Information shall not constitute a waiver of

the Producing Party's claim to confidentiality, provided that the Producing Party shall promptly notify the receiving party in writing within ten (10) business days of such discovery. Upon receipt of such notice, each receiving party shall treat the material identified in the notice as Confidential Information, consistent with the terms of this Order. Each receiving party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information, as defined by this Order.

12. **No Waiver of Privilege.** This Order does not affect or constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable legal privilege. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13. **Order Survives Termination of Actions.** This Order shall remain in full force and effect and survive the entry of any other Order resulting in termination of this action, unless this Order is expressly modified or vacated by the Court, with all parties having had notice and an opportunity to be heard.

14. **Disposition of Confidential Information.** Within sixty (60) days after the final conclusion of each respective Action, and to the extent permitted by law, the parties and/or their counsel shall either return, destroy or maintain in a confidential manner all materials designated as Confidential Information, including copies, extracts, and summaries thereof. This provision does not apply to (1) copies of any pleadings or other papers that have been filed with the Court; (2) any work product deemed "Confidential"; or (3) any documents designated "Confidential" with respect to which confidentiality has been successfully challenged in accordance with paragraph 16, below.

15. **Court Retains Jurisdiction.** The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 7 to receive Confidential Information for the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

16.     **Challenges to Confidentiality Designation.** If a party disagrees with the designation of materials or information as "Confidential," the party challenging the designation and the Producing Party shall first try in good faith to informally resolve the dispute.  The party challenging the designation shall provide specific reasons as to why the materials or information are not properly designated as "Confidential."

If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has met and conferred in a good faith attempt to informally resolve the dispute. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has met and conferred in a good faith attempt to informally resolve the dispute.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, pending the Court's decision on the motion, the information designated as "Confidential" shall be treated as though it were Confidential Information within the meaning of this Order.  All parties retain the right to appeal the decision of the Court.

17.     **Subpoena by Other Courts or Agencies.** If a party (or its agent, officer, employee, representative, or attorney) receives a discovery request, subpoena, or other process seeking disclosure of Confidential Information, the party shall immediately notify, via overnight mail and

7

1  email, the party, person, or entity who has designated the requested information or documents as
2  "Confidential" that such a request has been made.

3　　　　If the Designating Party timely seeks a protective order, the Party served with the subpoena
4  or court order shall not produce any Confidential Information before a determination by the court
5  from which the subpoena or order issued, unless the Party has obtained the Designating Party's
6  permission.  The Designating Party shall bear the burden and expense of seeking protection in that
7  court of its confidential material – and nothing in these provisions should be construed as
8  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from
9  another court.

10　　　　18.　　**Modification Permitted.**  Nothing contained in this Order shall prejudice the right of
11  any party to seek modification or amendment of this Order by further Court order, upon motion and
12  notice.

1 | **IT IS SO STIPULATED.**
2
3
  Dated: December 17, 2014                HINSHAW & CULBERTSON LLP
4
5                                         By: /s/ J. Russell Stedman
                                          J. RUSSELL STEDMAN
6                                         PETER J. FELSENFELD
                                          Attorneys for Defendant
7                                         UNITED OF OMAHA LIFE INSURANCE
                                          COMPANY
8
9
10 Dated: December 17, 2014               THE GREY LAW FIRM, P.C.
11
                                          By: /s/ Rebecca Grey
12                                        REBECCA GREY
                                          P. LAUREN RUBY
13                                        Attorneys for Plaintiff
                                          RHONDA INSALACO
14
15
16
17 **IT IS SO ORDERED.**
18        DATED ___12/22_____, 2014
19                                        _____
                                          Honorable Edward M. Chen
20 Through the undersigned counsel, the parties consent to entry of this Order:

*IT IS SO ORDERED*
*Judge Edward M. Chen*

9

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____